**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4816**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SYLVESTER R. BOOKER, a/k/a Sylvester Reginald Booker, a/k/a Ves,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Senior District Judge. (3:16-cr-00023-JRS-1)

Submitted: December 15, 2017                    Decided: January 10, 2018

Before NIEMEYER, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Peter S. Duffey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvester R. Booker appeals his conviction and 324-month sentence following his guilty plea to conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846 (2012). Counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether: (1) the district court erred in concluding that Booker was responsible for 10 to 30 kilograms of heroin; (2) the district court erred in imposing sentencing enhancements for Booker's leadership role in the offense and for obstruction of justice; (3) Booker received ineffective assistance of counsel; (4) the district court violated Fed. R. Crim. P. 32(i); and (5) there was a substantial connection between Booker's criminal activities and the property subject to forfeiture. After conducting our review pursuant to *Anders*, we directed the parties to file supplemental briefs on the question of whether, in light of *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), the district court plainly erred in imposing a sentencing enhancement for obstruction of justice when the conduct involved also was part of the underlying conspiracy conviction. We affirm.

Booker first challenges the drug quantity attributed to him. Booker stipulated in a signed statement of facts that he was responsible for 10 to 30 kilograms of heroin and, at the plea hearing, confirmed that the statement accurately detailed the facts of his crime. Although Booker contends on appeal that he was coerced into signing that statement, his admissions during the plea hearing undercut any such assertion. We therefore conclude that the district court did not clearly err in establishing the drug quantity attributable to

2

Booker. *See United States v. Crawford*, 734 F.3d 399, 342 (4th Cir. 2013) (stating standard of review).

Next, Booker contends that the district court erred in applying sentencing enhancements for his role in the offense and obstruction of justice. Because Booker failed to object at sentencing, we review the district court's application of those enhancements only for plain error. *United States v. Mills*, 850 F.3d 693, 696 (4th Cir.) (stating standard of review), *cert. denied*, 138 S. Ct. 178 (2017). As an initial matter, we conclude that the district court did not err in determining that Booker played a significant role in a conspiracy to distribute heroin, as the record adequately demonstrates that Booker was a high-level member of the conspiracy who consistently directed others on the distribution of heroin.

With regard to the obstruction-of-justice enhancement, Booker claims that he did not engage in obstructive conduct. We disagree. *See* U.S. Sentencing Guidelines Manual § 3C1.1 & cmt. n.4(D) (2015). On February 4, 2016, after his arrest and while in custody, Booker directed other coconspirators to retrieve 20 ounces of heroin that police had not discovered during searches of Booker's property and to dispose of the heroin by selling it. Approximately two weeks later, Booker had another conversation regarding the distribution of that heroin. Although Booker argues that he merely directed another coconspirator to continue with the conspiracy and, therefore, did not attempt to frustrate law enforcement's investigation, we have previously rejected such an argument. *See United States v. Prosise*, 367 F. App'x 423, 431 (4th Cir. 2010) (No. 08-4733) (argued but unpublished). "Although [*Prosise*] was unpublished and therefore not precedential, it

3

suggests that even if the district court erred, such error was not plain." *United States v. Garcia-Lagunas*, 835 F.3d 479, 496 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 713 (2017).

We also reject Booker's assertion that the district court's application of the obstruction-of-justice enhancement constituted impermissible double counting. We have held that "[a]n enhancement for obstruction of justice constitutes impermissible double-counting . . . when the conduct giving rise to the enhancement is identical to the conduct giving rise to the underlying conviction." *Hughes*, 401 F.3d at 558. Here, Booker was indicted for, and pled guilty to, conspiracy to distribute heroin from January 2012 until February 16, 2016. The February 4 telephone call that Booker placed from prison directing his coconspirators to sell heroin occurred within the time frame of the conspiracy. Although that conduct is similar to one other overt act Booker took in furtherance of the conspiracy, we conclude that the February 4 call is not identical to the conduct that formed the basis of the conspiracy conviction. Specifically, the conspiracy occurred over a span of nearly four years and involved numerous transactions, including the purchase and transportation of multiple kilograms of heroin from New York to Virginia. Booker's obstructive conduct constituted only a small part of the overall conspiracy—directing others to small amounts of heroin hidden in stash houses for the purpose of relatively low-level distribution—and, therefore, was not identical to the conduct of conviction. *See United States v. Evans*, 272 F.3d 1069, 1088 (8th Cir. 2001) (concluding that "it [i]s not incorrect for the District Court to enhance [defendant's] sentence for obstruction of justice simply because that act also served as an overt act of the conspiracy."). Given the unsettled nature of this claim, at the very least it cannot be

4

said that any alleged error is plain. *See United States v. Davis*, 855 F.3d 587, 595-96 (4th Cir.) (setting forth circumstances under which error is considered plain), *cert. denied*, 138 S. Ct. 268 (2017).

The remaining claims on appeal need not detain us long. Our review of the sentencing transcript reveals that the district court fulfilled its obligations under Rule 32(i). Next, because Booker fails to demonstrate that "it conclusively appears from the record that . . . counsel did not provide effective assistance," *United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014) (emphasis omitted), his claim should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion to permit sufficient development of the record. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Finally, contrary to Booker's argument that there was an insufficient nexus between the property subject to forfeiture and his criminal activity, we conclude that Booker's signed consent order of forfeiture, as well as the facts provided during his allocution, sufficiently connect the forfeited property to his criminal activity, and we therefore discern no impropriety in the district court's forfeiture order. *See Libretti v. United States*, 516 U.S. 29, 42 (1995).

Accordingly, we affirm the district court's judgment. In accordance with *Anders*, we have reviewed the record and found no other meritorious grounds for appeal. This court requires that counsel inform Booker, in writing, of the right to petition the Supreme Court of the United States for further review. If Booker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Booker.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*